**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KELLY MILLETTE | ) |
| PLAINTIFF, | ) No. 1:24-cv-7569 |
| | ) |
| v. | ) Judge |
| | ) |
| TARGET CORPORATION | ) |
| DEFENDANT. | ) **JURY DEMAND** |

## <u>ORIGINAL COMPLAINT AT LAW</u>

**NOW COMES,** Plaintiff, **KELLY MILLETTE**, (hereinafter referred to as "Plaintiff") by and through her attorney, Danielle A. Pinkston, of the Pinkston Law Group, P.C., and complaining of Defendant, **TARGET CORPORATION** (hereinafter referred to as "Defendant" "Target") stating as follows:

### PARTIES

1. That at all relevant times, Plaintiff, **KELLY MILLETTE** was a resident of the City of Joliet, County of Will, and State of Illinois.
2. That at all relevant times, Defendant **TARGET CORPORATION** was a foreign corporation, organized under the laws of Minnesota. Defendant owns and operates retail stores, including the subject store located at 2370 East Lincoln Highway, New Lenox, Illinois 60451-9533. ("The Store").

### JURISDICTION AND VENUE

3. Plaintiff brings this action in the United States District Court for the Northern District of Illinois, Eastern Division because this Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1) in that Plaintiff is a citizen of the State of Illinois and the Defendant is a foreign corporation organized under the laws of Minnesota. The amount in controversy

is in excess of $75,000.00.

4. The acts or omissions giving rise to the Plaintiff's claims arose in Will County, State of Illinois and pursuant to 28 U.S.C.A. § 1391(a) venue is proper in the Northern District of Illinois, Eastern Division, where Plaintiff resides.

**FACTUAL ALLEGATIONS**

5. On or about August 21, 2022, Defendant, TARGET, owned, possessed, operated, managed, maintained, and controlled a retail department store known as "DEFENDANT'S STORE" located at 2370 East Lincoln Highway, New Lenox, Illinois 60451-9533, Will County.

6. On or about August 21, 2022, Defendant, TARGET, through its agents and employees, had a duty to exercise ordinary care in its ownership, possession, management, maintenance and control of the subject property such that it was reasonably safe for individuals legally entitled to be present on the property.

7. On or about August 21, 2022, Plaintiff, KELLY MILLETTE, was legally present on the property located at 2370 East Lincoln Highway, New Lenox, Illinois 60451-9533.

8. On or about August 21, 2022, while Plaintiff, KELLY MILLETTE was shopping, looking at products on the shelves at the subject property, she was injured when she slipped or otherwise fell to her left and backwards, due to an unnatural accumulation of liquid located in the pickle aisle near the shelves.

9. On and before August 21, 2022, Defendant, TARGET, through its agents and employees, knew, or in the exercise of ordinary care should have known of the dangerous unnatural accumulation of liquid on the floor and the unreasonable risk of harm it presented to people on the premises, including Plaintiff.

10. On and before August 21, 2022, Defendant TARGET, through its agents and employees, could reasonably expect that people on the premises would not discover or realize the danger or would fail to protect against the danger.

11. On or about August 21, 2022, Plaintiff, KELLY MILLETTE, was caused to slip or otherwise fall due to the unnatural accumulation of liquid on the floor in the pickle aisle near the shelves.

12. At all times relevant to this cause of action, Defendant TARGET, through its agents and employees, breached its duty and was negligent in one or more of the following ways:

    a. Improperly possessed, operated, managed, maintained, and controlled the subject premises, so that as a direct and proximate result thereof, the Plaintiff was injured

    b. Allowed and permitted liquid to accumulate in an unsafe manner on the floor in the pickle aisle near the shelves.

    c. Failed to properly and adequately remove the liquid from the floor of the subject premises;

    d. Failed to make a reasonable inspection of the subject aisle when the Defendant knew, or should have known that said inspection was necessary to prevent injury to the Plaintiff;

    e. Failed to warn the Plaintiff of the accumulation of liquid on the floor of the subject aisle when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    f. Failed to place warning signs indicating that the floor of the subject aisle was wet and/or slippery;

g. Caused the floor of the subject aisle to be wet and/or slippery, thereby creating an unsafe condition;
h. Failed to properly repair or maintain the subject aisle so that liquid was allowed to leak onto the floor;
i. Failed to guide Plaintiff away from the subject aisle;
j. Failed to provide a safe walking surface for customers;
k. Failed to ensure that the premises was safe, suitable, and proper for customers
l. Failed to provide adequate safeguards to prevent injury to the Plaintiff while she was lawfully upon said premises; and,
m. Was otherwise careless and negligent.

13. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant TARGET, the Plaintiff KELLY MILLETTE then and there sustained severe and permanent injuries and was and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost and will lose the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, KELLY MILLETTE, prays for judgment in her favor and against Defendant TARGET, in an amount to be determined at trial, pre and post judgment interest, and for costs of suit.

Dated: August 21, 2024,

Respectfully submitted,

PINKSTON LAW GROUP, P.C.
/s/ Danielle A. Pinkston

Danielle A. Pinkston
Atty. No.: 6302271
54 North Ottawa Street, Suite #110
Joliet, Illinois 60432
Office: (773) 770-4771 Fax: (773) 770-4772
dpinkston@pinkstonlawgroup.com
Atty. for: **KELLY MILLETTE** (Plaintiff)